**AGOSTINO v. HOMER COAL CORP. et al.**

**No. A–8349.**

District Court, Alaska
Third Division, Anchorage.

Sept. 26, 1953.

Bell & Sanders, Anchorage, Alaska, for plaintiff.

J. L. McCarrey, Jr., Anchorage, Alaska, for defendants.

FOLTA, District Judge.

Plaintiff seeks damages against the defendants for interfering with him in his attempt to obtain a coal prospecting permit. The complaint alleges that the interference consisted of (1) defendants' joint action in renewing their application for a coal prospecting permit and (2) defendants' fraudulent representations to the Assistant Secretary of the Interior that defendant corporation had increased its capitalization from $100,000 to $300,000 and had expended $84,000 in development work under the old permit

862

Defendant corporation, for itself only, filed a motion to dismiss the complaint for failure to state a claim and because plaintiff is not the real party in interest.

It appears from the opinion of the Assistant Secretary of the Interior, a copy of which is appended to the complaint, that the Assistant Director of the Bureau of Land Management rejected a coal lease application of the defendant corporation without prejudice to the corporation's right to file an application for a new coal prospecting permit. It further appears that the defendant corporation applied for a prospecting permit before the plaintiff filed his application for a prospecting permit covering the same lands, together with a protest against defendant's application. Plaintiff's protest was dismissed, his application denied, and defendant's application granted by the Assistant Director. On appeal, the Assistant Secretary of the Interior affirmed.

■■■ Plaintiff's claim is apparently based on the theory that defendant has unjustifiably and fraudulently interfered with plaintiff's right to obtain a coal prospecting permit and has thus tortiously interfered with some prospective economic advantage belonging to the plaintiff. But the applicant derives nothing more from the mere filing of an application for a prospecting permit than an administrative priority over subsequent applicants. D. E. Jenkins, 55 I.D. 13. By 48 U.S.C.A. §§ 434, 444 discretion is vested in the Secretary of the Interior in the issuance of coal prospecting permits and coal leases, and this discretion has been exercised in favor of defendant corporation. If a fraud has been committed upon the Secretary of the Interior the plaintiff should submit an application for a re-hearing based on evidence of fraud and misrepresentation which became known to plaintiff subsequently to the hearing on his application and protest. It does not appear that the plaintiff has resorted to this administrative remedy.

Moreover, plaintiff has not shown what right of his has been unlawfully interfered with. It does not appear that he was possessed of any property or contractual right

in either the coal lands or a coal prospecting permit. Neither does the plaintiff allege that the Bureau of Land Management would have awarded him a prospecting permit if defendant had not also applied. In view of the discretionary power of the Secretary of the Interior, manifestly such an allegation could not have been made.

■■■ Plaintiff has failed to state a claim for fraud and deceit because, if there was any fraud or deception, it was perpetrated upon the Government and not upon the plaintiff.

■■■ It may well be that plaintiff is not the real party in interest as required by Fed.Rules Civ.Proc. rule 17(a), 28 U.S. C.A., but it is unnecessary to decide this point of law because the complaint is insufficient in law to support a claim upon which relief can be granted.

I am of the opinion that the motion to dismiss the complaint as to the defendant corporation should be granted.